### HOUCK v. CARIGAN.

Automobiles—Negligence—Midblock Crossing of Street by Minor Pedestrian.

Record in 9-year-old eastbound minor's action against motorist for injuries sustained when she darted into the side of defendant's car at 5:18 p.m. in the middle lane of a 5-lane street at a place in the middle of the block *held*, not to show evidence of negligence on his part, where he was driving at a legal speed, had not seen plaintiff, and stopped his car immediately upon hearing someone yell.

Appeal from Saginaw; Quinn (Timothy C.), J., presiding. Submitted October 16, 1959. (Docket No. 88; Calendar No. 47,836.) Decided April 11, 1960.

Case by Eleanor Houck, a minor, by her next friend, Frances Houck, against Wilmer Carigan for injuries sustained when struck by automobile. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

---

References for Points in Headnotes

5A Am Jur, Automobiles and Highway Traffic § 440.
Liability for injury to child who suddenly darts or steps into path of automobile. 65 ALR 197, 113 ALR 536.
Duty and liability to person struck by automobile while crossing street at unusual place or diagonally. 14 ALR 1176, 67 ALR 313.

*van Benschoten & van Benschoten,* for plaintiff.

*Weadock & Montgomery (James M. Collins,* of counsel), for defendant.

KELLY, J. Plaintiff-appellant submits 1 question, namely:

"Did the trial court err in holding defendant free of negligence as a matter of law and in directing a verdict of no cause for action?"

Plaintiff, a 9-year-old girl, was injured by coming in contact with defendant's car. The impact was on the side of the car in front of the right hand door.

Plaintiff was crossing Genesee avenue, in the city of Saginaw, 175 feet north of the intersection of Genesee and Holland street. She was not crossing on a crosswalk and was proceeding from west to east.

Genesee avenue at this point is a 5-lane highway, each lane being 10 feet in width; 3 lanes being designated for southbound traffic and 2 lanes for northbound traffic.

Defendant was driving south on Genesee in the southbound lane closest to the center of the street, the same being the third lane east of the curb from which plaintiff started on her way across Genesee from west to east.

As plaintiff stood on the west curb of Genesee, accompanied by her 2 brothers, 6 and 10 years of age, there was a line of southbound cars halted and waiting for the red light to change at the intersection of Genesee and Holland.

A lady motorist, who had stopped her car waiting for the light to change, signaled to plaintiff to cross Genesee, and plaintiff's testimony as to her crossing is as follows:

"After we got the candy, we left the drug store and walked straight out toward the road.

"*Q.* Now when you got to the edge of the road, were there any cars there?

"*A.* Yes, they were lined up for the red light.

"*Q.* What did you do, or what happened then?

"*A.* We were all waiting along beside of each other and this lady motioned for us to go across and then my brother said he would beat us home and we knew he would beat us and he started running and we started walking out.

"*Q.* Did your brother go all the way across Genesee?

"*A.* Yes.

"*Q.* Which brother was that? .

"*A.* Charles.

"*Q.* You say you started to walk across?

"*A.* Yes.

"*Q.* Were you in front of or behind the car where the lady motioned for you to go across?

"*A.* In front of.

"*Q.* Was that in front of the drug store?

"*A.* Yes.

"*Q.* Now then, when you started to walk across Genesee after the lady motioned to you, did you see any cars coming along in the middle lane of the road?

"*A.* No, we didn't.

"*Q.* What happened then?

"*A.* I don't know.

"*Q.* Were you struck then by the car?

"*A.* I don't remember.

"*Q.* Is that the place where you were hurt?

"*A.* Yes."

Defendant testified he did not see the children; that he first knew something was wrong when he heard somebody from the curb yell "look out"; that he immediately applied his brakes and the impact occurred about 4 feet from the front of his car at a point near the handle of the right front door; that he stopped his car within 5 seconds and did not travel more than 6 feet after hearing the cry "look out."

Officer Jambor, who investigated the accident, said that he tested the brakes of defendant's vehicle and found them in good condition. He also testified that the skid marks left by defendant's car were 2 feet 4 inches in length.

The accident occurred on the main thoroughfare in the city of Saginaw. This street is also the route of highway US–10. The accident happened at 5:18 p.m. when traffic was at its heaviest. Defendant was on his way home from work. He was driving at a legal speed, in the proper lane.

Plaintiff, attempting to cross in the middle of the block, suddenly darted into the side of defendant's car. Defendant had not seen plaintiff and almost immediately stopped his car after hearing the shouted warning.

There is no evidence of defendant's negligence, and the court properly directed a verdict of no cause of action. Affirmed.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.

SOURIS, J., took no part in the decision of this case.