## GAMET *v* JENKS

1. JUDGMENT—SUMMARY JUDGMENT—NEGLIGENCE.

   Summary judgment is, as a general rule, inappropriate in negligence actions because conformance to or violation of a standard of behavior is usually a question of fact.

2. JUDGMENT—SUMMARY JUDGMENT—SUPPORTING AFFIDAVITS.

   Affidavits in support of or opposing summary judgment must set forth with particularity facts which would be admissible as evidence at a trial.

3. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVITS.

   Plaintiff's presenting, in opposition to a summary judgment motion, the same allegations as in his pleadings and an affidavit reiterating the same position in his deposition constituted a failure to set forth with particularity facts in opposition to summary judgment and required the trial judge to accept defendant's affidavits, containing facts stated with particularity, as true.

4. JUDGMENT—SUMMARY JUDGMENT—NEGLIGENCE.

   Summary judgment was properly granted defendant where the evidence showed that the defendant slowed to five miles per hour while passing a car stopped on a four-lane road, the defendant was in one of the two right-hand lanes while passing, and the defendant stopped almost immediately after hitting

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4, 6, 7] 41 Am Jur, Pleading §§ 340–343.
[5] 7 Am Jur 2d, Automobiles and Highway Traffic § 410 *et seq.*

plaintiff pedestrian who was crossing the road in front of the stopped car because the defendant, who was driving cautiously was not bound to anticipate that a pedestrian would cross into his lane of traffic.

5. AUTOMOBILES—PEDESTRIANS—SIGNALLING PEDESTRIAN.
A driver who waves a pedestrian across a street where he is hit by another driver may be liable for the pedestrian's injuries.

6. DEPOSITIONS—AFFIDAVITS—ISSUE OF FACT.
Plaintiff's deposition testimony given in a clear, intelligent, and unequivocal manner was binding against him in the absence of explanation, and the mere assertion to the contrary in his affidavit opposing summary judgment was not sufficient explanation to create an issue of fact.

7. AUTOMOBILES—PEDESTRIANS—SIGNALLING PEDESTRIAN—JUDGMENT
—SUMMARY JUDGMENT.
Summary judgment was properly granted defendant driver, who had signalled to the plaintiff pedestrian, who was subsequently hit by another driver, even though plaintiff, in his affidavit opposing summary judgment, stated that he relied on the signal to cross the highway, where the plaintiff had stated in his deposition that he did not rely on the signal to judge the safety of crossing the highway and no reason was given in the affidavit for the change of position from the deposition.

Appeal from Ingham, Sam Street Hughes, J. Submitted Division 2 December 7, 1971, at Lansing. (Docket No. 11617.) Decided February 25, 1972.

Complaint by Santos Gamet, for himself and as next friend of Terry Gamet, against Cecil Jenks, Doris Tuttle, and Justin A. Converse, Jr., for negligence in an automobile accident. Summary judgment for defendants. Plaintiffs appeal. Affirmed.

*Abood, Abood & Abood, P. C.,* for plaintiffs.

*Willingham & Cote* (by *Raymond J. Foresman, Jr.*), for defendants Justin A. Converse, Jr., and Doris Tuttle.

*Fraser, Trebilcock, Davis & Foster,* for defendant Cecil Jenks.

Before: McGREGOR, P. J., and BRONSON and TARGONSKI,* JJ.

BRONSON, J. Plaintiff Terry Gamet is a 15-year-old schoolboy. On October 13, 1969, he and a group of his friends attempted to cross Jolly Road in the City of Lansing on their way from their school to a McDonald's hamburger stand five to six blocks northeast of the school. Jolly Road is a two-way street, two lanes east and two lanes west. At the time it was slightly raining. Plaintiff crossed the two eastbound lanes between intersections and stopped at a double yellow center line. Defendant Jenks was stopped in the inside westbound lane of Jolly Road. In response to a wave by defendant Jenks, plaintiff proceeded at a pace somewhere between a walk and a run across the inside westbound lane into the outside westbound lane; there plaintiff was struck by a vehicle driven by defendant Converse and owned by defendant Tuttle. The point of impact was at least six inches into the outside westbound lane of Jolly Road.

Defendant Converse had been proceeding in a westerly direction on Jolly Road at about 25 miles per hour about two or three car lengths behind defendant Jenks. When defendant Converse saw defendant Jenks' brake lights go on he applied his own brakes and at the point of contact was going five miles per hour. He brought the car to a standstill within a one-half car length of the point of impact. Plaintiff rolled up onto the car's hood and against the windshield prior to falling to the pavement.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

On the basis of testimony elicited at the adverse examination of plaintiff and interrogatories of defendant Converse, defendants moved for summary judgment under GCR 1963, 117.3. The trial court granted summary judgment in favor of defendants, stating,

"Plaintiff's cause of action against the pick-up driver, Jenks, is based upon the alleged hand signal by Jenks waving the plaintiff across the street. The plaintiff has admitted in his deposition that he did not rely upon the hand signal of Mr. Jenks in proceeding into the lane of traffic where he was struck by a car.

"There is no other evidence, either contested or otherwise, which would support plaintiff's cause of action. Therefore, the court is of the opinion that the motion for summary judgment should be, and the same hereby is, granted, to defendant, Jenks.

"The plaintiff, in a motion for summary judgment alleging no genuine issue of fact, must establish a *prima facie* case with supporting affidavits. (See 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 363). In the case against Tuttle and Converse, there is nothing in the file showing any negligence on their part except the complaint. There is the affidavit of Justin Converse saying that he was without negligence in driving his car and his answer to interrogatories which said that his car was moving five (5) m.p.h. at the time of the accident. There are no material facts, either contested or uncontested, which would support plaintiff's case. Therefore, the court is of the opinion that the motion for summary judgment should be, and the same hereby is, granted, as to Tuttle and Converse."

The only issue raised on appeal is whether the trial judge erred as a matter of law in granting summary judgment to these defendants. At the outset we note that as a general rule summary judgment is inappropriate in negligence actions. This

is because conformance to or violation of a standard of behavior is peculiarly within the province of a jury. *Miller* v. *Miller* (1964), 373 Mich 519. Only in rare instances will it be found that no "genuine issue of fact" exists so that a judge may determine negligence as a matter of law.

In determining whether summary judgment is appropriate, we make all inferences in favor of the party opposing the motion. *Beardsley* v. *R. J. Manning Co.* (1966), 2 Mich App 172. The court is required to consider affidavits filed for and against summary judgment, together with the pleadings, depositions, admissions, and documentary evidence submitted by the parties. GCR 1963, 117.3; *Green* v. *Lundquist Agency, Inc.* (1966), 2 Mich App 488. With these general principles in mind, we proceed to a consideration of the instant case.

### Defendants Converse and Tuttle

Plaintiff contends that the evidence presented to the trial court raised clear issues of fact as to defendant Converse's negligence. He argues that Converse did not exercise reasonable care under the existing conditions to enable him to stop his car in time to avoid hitting plaintiff. This is the essence of the pleadings against defendants Converse and Tuttle. In response to plaintiff's interrogatories, defendant Converse described his version of the accident. Following an adverse deposition of plaintiff, these defendants moved for summary judgment. This motion was accompanied by defendant Converse's affidavit and a memorandum in support of the motion.

The affidavit denied liability and affirmatively stated that plaintiff failed to make a meaningful observation in crossing Jolly Road and that he failed to cross at a designated crosswalk. The memoran-

dum went into greater detail as to what facts would be proved to support the denial of liability and plaintiff's contributory negligence.

Affidavits in support of and opposing summary judgment must set forth with particularity facts which would be admissible as evidence at a trial. *Durant* v. *Stahlin* (1965), 375 Mich 628. On the whole, we believe that affidavit and memorandum filed by defendants Converse and Tuttle were sufficient. They state facts which could be personally testified to.

The plaintiff, having been challenged as to how he would build his case against these defendants, was bound to respond with a particularized statement of facts. *Durant* v. *Stahlin, supra; Christy* v. *Detroit Edison Co.* (1966), 2 Mich App 730. Plaintiff responded with the same allegations he had made in his pleadings and an affidavit which reiterated the same position he had taken in his deposition as to defendant Converse's actions.

The trial judge, faced with this set of proofs, had to take defendant Converse's allegations as true. The only difference as to how the accident occurred was whether plaintiff ran into or was hit by defendant's car. On the facts stated, we agree that plaintiff has failed to state a *prima facie* case against defendant Converse. The evidence indicates that he was driving in a lane of traffic he had a right to be in. He slowed to five miles per hour on seeing defendant Jenks' brake lights go on and stopped almost immediately after the impact. There is no supporting evidence to indicate that he should have been aware of plaintiff's presence in the street. On seeing defendant Jenks' brake lights go on, he proceeded with caution. He is not, however, bound to anticipate that a minor will come loping into his lane of traffic when he is unaware of the child's

presence. See *Houck* v. *Carigan* (1960), 359 Mich 224; *Nagy* v. *Balogh* (1953), 337 Mich 691.

### *Defendant Jenks*

The plaintiff's contention with respect to defendant Jenks is that he relied on Jenks' signal to proceed across the westbound lanes of Jolly Road. Jenks denies having made such a signal in his affidavit.

The crux of plaintiff's case is that defendant Jenks' motion to him, without consideration for his safety, was negligent and the proximate cause of his injuries. In his deposition, plaintiff unequivocally stated that he thought the signal meant he could cross in front of defendant's truck up to the lane dividing line. This statement was made several times, including in response to his own attorney's questions. In his affidavit opposing summary judgment, the plaintiff stated that he relied on Jenks' signal to proceed across the highway. He did not attempt to explain the reason for his contrary deposition testimony.

In Michigan, a driver who waves a pedestrian across a street where he is hit by another driver may be liable for the pedestrian's injuries. *Sweet* v. *Ringwelski* (1961), 362 Mich 138. In *Ringwelski*, the Supreme Court indicated that it is not for the trial judge to decide the intended meaning of such a wave to a pedestrian. The answer is for the jury and determines liability. In the instant case, plaintiff's deposition indicates he did not think he was being told to cross the highway. The trial judge relied on this in granting summary judgment for the defendant. In most cases it would be error for the trial judge to disregard plaintiff's affidavit completely. See *Camerlin* v. *New York C. R. Co.* (CA 1, 1952), 199 F2d 698; *Firemen's Mutual Insurance*

Co; v. *Aponaug Manufacturing Co.* (CA 5, 1945), 149 F2d 359. We do not find reversible error in this instance. Our holding is based on the belief that plaintiff's rebutting affidavit is insufficient for consideration under GCR 1963 117.3.

As a result of his own deposition testimony, plaintiff's ability to present a case was challenged. His affidavit merely restated his pleadings. Deposition testimony damaging to a party's case will not always result in summary judgment. However, when a party makes statements of fact in a "clear, intelligent, unequivocal" manner, they should be considered as conclusively binding against him in the absence of any explanation or modification, or of a showing of mistake or improvidence. *Southern Rendering Co.* v. *Standard Rendering Co.* (ED Ark, 1953), 112 F Supp 103, 108. The purpose of GCR 1963, 117 is to allow the trial judge to determine whether a factual issue exists. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1969 Cum Supp, p 51. This purpose is not well served by allowing parties to create factual issues by merely asserting the contrary in an affidavit after giving damaging testimony in a deposition. As was stated in *Perma Research and Development Co.* v. *The Singer Co.* (CA 2, 1969), 410 F2d 572, 578:

"If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact."

In *Durant* v. *Stahlin* (1965), 375 Mich 628, our Supreme Court warned against the zealous overuse of the summary judgment procedure. However, it also made clear that once a party is challenged, mere allegations on rebuttal are not enough. *Du-*

*rant, supra,* at 640.   Had plaintiff offered any reason for the contradiction we would be constrained to reverse.   We read his affidavit as a general allegation without explanation.

Affirmed.

All concurred.