BRAMAN v BOSWORTH

Docket No. 54886. Submitted June 17, 1981, at Lansing.—Decided January 20, 1982.

Mary Braman brought an action against Robert L. Bosworth, Jays Foods, Incorporated, his employer, and Steven R. Dolen, II, for damages resulting from injuries sustained in an automobile accident involving vehicles driven by defendants Bosworth and Dolen. Braman was a passenger in the Dolen vehicle. Dolen moved for summary judgment on the ground that there was no genuine issue as to any material fact, which motion was granted, Ingham Circuit Court, Thomas L. Brown, J. Braman appeals. *Held:*

The trial court erred in granting Dolen's motion. The record reveals that in interpreting the evidence so as to give Braman, Bosworth, and Jays Foods the benefit of any reasonable doubt a jury could decide that Dolen was responsible for the accident, Braman's conflicting statements notwithstanding.

Reversed and remanded.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT.

A trial court, in deciding whether to grant a motion for summary judgment on the ground that except as to the amount of damages there is no genuine issue as to any material fact, must consider the pleadings, depositions, affidavits, admissions, and other documentary evidence filed or submitted by the parties, and where such documents support the ground for the motion the trial court must grant the motion and render judgment for the movant (GCR 1963, 117.2[3], 117.3).

2. MOTIONS AND ORDERS — SUMMARY JUDGMENT.

A trial court, in deciding whether to grant a motion for summary judgment on the ground that there is no genuine issue as to any material fact, need not automatically grant the motion where, upon review of the documentary evidence filed or submitted by the parties, it determines that admissions of the

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 26.
[2] 73 Am Jur 2d, Summary Judgment § 27.

nonmovant contradict allegations in the nonmovant's pleading; the trial court should give the benefit of any reasonable doubt to the nonmovant and should grant the motion only where it is satisfied that it is impossible for the claim or defense to be supported during trial because the deficiency cannot be overcome (GCR 1963, 117.2[3], 117.3).

*Smith Bros. Law Office, P.C.,* for plaintiff.

*Denfield, Timmer & Taylor* (by *George H. Denfield* and *John W. Cotner),* for Steven R. Dolen, II.

Before: T. M. Burns, P.J., and D. E. Holbrook, Jr., and K. B. Glaser,* JJ.

K. B. Glaser, J. This is an appeal from an order granting summary judgment to one of two defendants in a negligence action brought by plaintiff for injuries she sustained as a passenger in a vehicle driven by defendant Dolen when it collided with a vehicle driven by defendant Bosworth.

The collision occurred at an intersection governed by a traffic light. Plaintiff's complaint set forth general allegations of negligence against both defendants. However, in her deposition, plaintiff stated that she did not believe that defendant Dolen had caused the accident. She specifically stated that immediately after seeing defendant Bosworth's vehicle enter the intersection, she looked up and saw that defendant Dolen had the green light.

Defendant Dolen also testified in his deposition that he had the green light and that he did not cause the accident. However, defendant Bosworth testified in his deposition that he had the green light and that defendant Dolen caused the accident.

Defendant Dolen moved for summary judgment

---

* Circuit judge, sitting on the Court of Appeals by assignment.

on the basis that there was no genuine issue of material fact as to his negligence and that he was entitled to judgment as a matter of law. In support of his motion, defendant Dolen offered the admissions made by plaintiff in her deposition. Plaintiff opposed the motion by offering the conflicting version contained in defendant Bosworth's deposition.

Pursuant to GCR 1963, 117.2(3), 117.3, the trial court was obligated to consider the depositions of plaintiff and Bosworth, together with any affidavits, the pleadings, admissions, and other documentary evidence filed by the parties. The trial court essentially held that plaintiff was bound by her admission, which clearly contradicted her allegations of negligence against defendant Dolen in the complaint.

A number of decisions of this Court have held that such depositional statements are binding upon the party making them for the purposes of determining whether summary judgment would be appropriate. See, *e.g., Hollowell v Career Decisions, Inc,* 100 Mich App 561, 568; 298 NW2d 915 (1980), *Milligan v Union Corp,* 87 Mich App 179, 181-182; 274 NW2d 10 (1978), *Gamet v Jenks,* 38 Mich App 719, 725-726; 197 NW2d 160 (1972). However, we do not find those decisions applicable to the instant case.

*Gamet* illustrates that while depositional statements made by a party are conclusively binding for purposes of summary judgment under GCR 1963, 117.2(3), where a factual issue is raised by evidence outside the party's own conflicting statements, summary judgment does not necessarily follow. In *Gamet,* the holding of the Court was:

"As a result of his own deposition testimony, plain-

tiff's ability to present a case was challenged. His affidavit merely restated his pleadings. Deposition testimony damaging to a party's case will not always result in summary judgment. However, when a party makes statements of fact in a 'clear, intelligent, unequivocal' manner, they should be considered as conclusively binding against him in the absence of any explanation or modification, or of a showing of mistake or improvidence. *Southern Rendering Co v Standard Rendering Co,* 112 F Supp 103, 108 (ED Ark, 1953). The purpose of GCR 1963, 117 is to allow the trial judge to determine whether a factual issue exists. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1969 Cum Supp, p 51. This purpose is not well served by allowing parties to create factual issues by merely asserting the contrary in an affidavit after giving damaging testimony in a deposition." *Id.,* 726.

We agree with that conclusion. However, we note that in *Gamet* the trial judge stated in part as to one of three defendants:

" 'Plaintiff's cause of action against the pick-up driver, Jenks, is based upon the alleged hand signal by Jenks waving the plaintiff across the street. The plaintiff has admitted in his deposition that he did not rely upon the hand signal of Mr. Jenks in proceeding into the lane of traffic where he was struck by a car.
" 'There is no other evidence, either contested or otherwise, which would support plaintiff's cause of action. Therefore, the court is of the opinion that the motion for summary judgment should be, and the same hereby is, granted, to defendant, Jenks.' " *Id.,* 722.

As to the remaining defendants, the trial judge said in part:

" 'In the case against Tuttle and Converse, there is nothing in the file showing any negligence on their part except the complaint. There is the affidavit of Justin Converse saying that he was without negligence in

driving his car and his answer to interrogatories which said that his car was moving five (5) mph at the time of the accident. There are no material facts, either contested or uncontested, which would support plaintiff's case. Therefore, the court is of the opinion that the motion for summary judgment should be, and the same hereby is, granted, as to Tuttle and Converse.' " *Id.*

As we view *Gamet,* it stands for the proposition that a plaintiff cannot evade summary judgment simply by alleging one thing and testifying to another. Such is not our case. Unlike *Gamet,* there is direct testimony by *another witness* contrary to plaintiff's deposition and consistent with plaintiff's complaint.

The test for deciding motions for summary judgment is:

" '[T]he test more carefully stated would be whether the kind of record which might be developed, within the limits indicated by the pleadings and the affidavits or other material supporting and opposing the motion for summary judgment, *interpreted to give the benefit of any reasonable doubt to the opposing party,* would leave an issue upon which reasonable minds might differ or upon which a directed verdict would be proper.' (Emphasis added.)

\* \* \*

"The courts are liberal in finding that a 'genuine issue' does indeed exist. As Honigman & Hawkins correctly comments, (1) the court will 'give the benefit of any reasonable doubt to the opposing party' and (2) 'the court must be satisfied that it is impossible for the claim or defense to be supported at trial *because of some deficiency which cannot be overcome.'* (Emphasis added.)" *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973), quoting from 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 362 and 1972 Supp, pp 81, 83.

Interpreting the available testimony to give the benefit of any reasonable doubt to plaintiff, the jury could decide that defendant Bosworth was correct as to the light and that plaintiff was mistaken. As already noted, *Gamet* excepted mistake and, therefore, this is not inconsistent with *Gamet.* We note both *Hollowell, supra,* 567-568, and *Milligan, supra,* 181, were dealing with cases in which the facts were undisputed.

Reversed and remanded for further proceedings.