MILLER v FOSTER

Docket No. 59177. Submitted October 8, 1982, at Lansing.—Decided December 21, 1982.

Vicki Miller was injured when the motorcycle on which she was a passenger was struck by an automobile. Miller brought a tort action in negligence in Ingham Circuit Court against Robin Sue Foster, owner and operator of the automobile, Jeffrey Lynn Smith, operator of the motorcycle, and Ted A. McKenzie, owner of the motorcycle. Defendants Smith and McKenzie moved for summary judgment on the ground that, based upon plaintiff's deposition testimony, there was no genuine issue of material fact. Robert Holmes Bell, J., granted the motion for summary judgment on the basis that plaintiff, in her deposition testimony, admitted Smith was not negligent and that defendant Foster, the operator of the automobile, was solely responsible for the accident. Plaintiff appeals. *Held:*

Since plaintiff's deposition testimony was conflicting relative to the question of Smith's negligence and Foster's answer to plaintiff's interrogatory served to raise a question as to Smith's negligence, it was error for the trial court to grant summary judgment on the basis that there was no genuine issue of material fact relative to Smith's liability on the basis of negligent operation of the motorcycle and, accordingly, McKenzie's statutory owner's liability.

Reversed and remanded.

1. Motions and Orders — Summary Judgments — Court Rules.

A trial court, in deciding whether to grant a motion for summary judgment on the ground that there is no genuine issue as to any material fact, will give the benefit of any reasonable doubt to the opposing party and should grant the motion only where it is satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome (GCR 1963, 117.2[3]).

References for Points in Headnotes
[1, 3] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[2] 73 Am Jur 2d, Summary Judgment § 6.

2. MOTIONS AND ORDERS — SUMMARY JUDGMENTS — COURT RULES.

Summary judgment on the basis that there is no genuine issue as to any material fact is rarely applicable to common-law negligence cases (GCR 1963, 117.2[3]).

3. MOTIONS AND ORDERS — SUMMARY JUDGMENTS — COURT RULES.

A trial court, in deciding whether to grant a motion for summary judgment on the ground that there is no genuine issue as to any material fact, need not automatically grant the motion where, upon review of the documentary evidence filed or submitted by the parties, it determines that admissions of the nonmovant in deposition testimony are contradicted by other deposition testimony by the nonmovant and by interrogatory answers by another party (GCR 1963, 117.2[3]).

*Richard J. Abood* and *Thomas A. Doyle,* for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *Webb A. Smith* and *Charles E. Barbieri),* for defendants.

Before: BEASLEY, P.J., and M. J. KELLY and W. S. WHITE,* JJ.

PER CURIAM. On December 9, 1980, plaintiff, Vicki Miller, filed an automobile negligence suit in the Ingham County Circuit Court against three defendants, Robin Sue Foster, Jeffrey Lynn Smith, and Ted A. McKenzie. On June 6, 1981, the trial court granted summary judgment in favor of defendants Smith and McKenzie under GCR 1963, 117.2(3). From this order, plaintiff appeals as of right.

In her complaint, plaintiff alleged that she sustained personal injuries as a result of a collision which occurred on October 9, 1979, between a motorcycle operated by defendant Smith and

* Circuit judge, sitting on the Court of Appeals by assignment.

owned by defendant McKenzie[1] on which she was a passenger and an automobile owned and operated by defendant Foster.

After plaintiff's deposition was taken on March 27, 1981, defendants Smith and McKenzie brought a motion for summary judgment. In their motion, defendants asserted that plaintiff admitted in her deposition that defendant Smith, the operator of the motorcycle on which she was a passenger, was not negligent and that defendant Foster, the operator of the automobile, was solely responsible for the accident.

After hearing oral arguments on June 6, 1981, the trial court granted the motion of defendants Smith and McKenzie, finding that no issue of material fact existed concerning the lack of negligence on the part of Smith and McKenzie.

Our review of plaintiff's deposition discloses that, in response to questioning from the attorney for defendants Smith and McKenzie, she testified that defendant Foster, rather than defendant Smith, caused the accident and that defendant Smith did not operate the motorcycle in a negligent manner. However, during another portion of this examination, plaintiff offered an account of defendant Smith's alleged negligence:

"*Q. [defense attorney for Smith and McKenzie]:* Do you think he was negligent in this accident?

"*A.* Yeah.

"*Q.* What do you claim that he did wrong, Mr. Smith?

"*A.* Well, he should, you know, he could have been more careful on the bike, you know; I don't know.

"*Q.* Specifically what could he have done to have been more careful on the bike?

---

[1] Defendant McKenzie's liability is premised upon the owner's liability statute, MCL 257.401; MSA 9.2101.

"*A.* I don't know, just, you know, somebody's fault, the accident.

"*Q.* I understand that you were sitting on the bike and you got hurt and you weren't, apparently, driving the bike; and you, apparently, weren't driving the automobile, but you have alleged in this court that you intend to prove that Mr. Smith did something wrong, okay? Can you—do you know of anything that he did wrong, in your judgment, having known him, having been a motorcycle operator yourself for many years—I assume you have also driven a motorcycle at night at times—having not been intoxicated yourself, I assume. Were you intoxicated that night?

"*A.* No.

"*Q.* Can you tell me what Mr. Smith did wrong, what you think he did wrong?

"*A.* Could have been just a little bit more careful on turning.

"*Q.* Specifically· what should he have done that, according to—

"*A.* I know I heard the brakes squeal, he had to hear the brakes too, and he turned without caution, you know, with that squealing behind us."

Additionally, in her answer to plaintiff's interrogatory number 14, defendant Foster described the details of the collision which occurred between her automobile and Smith's motorcycle:

"14. I was traveling eastbound on Jolly Road, and was approaching the expressway overpass just west of Collins Road, when the motorcycle that was traveling in front of me slowed down. The motorcycle did not signal any type of turn. At this time I also slowed down. We were halfway between the overpass and Collins Road when the motorcycle slowed down even more, and pulled over to the right shoulder of the road. I slowed down to approximately 30 mph, and when I came upon the motorcycle, it pulled out in front of my car. I turned to the left to avoid hitting the motorcycle, but it turned in the same direction and ran into my car."

In summary judgment motions grounded upon GCR 1963, 117.2(3), the trial court must examine the pleadings, admissions, depositions, affidavits, and other documentary evidence to ascertain whether a genuine issue of fact exists as to any material fact.[2] A trial court should give the benefit of any reasonable doubt to the party opposing the summary judgment, and it must be satisfied that the nonmovant's claim or defense cannot be supported at trial as a result of a deficiency which cannot be overcome.[3]

In *Miller v Miller,*[4] the Supreme Court delineated the general rule that summary judgment motions are inappropriate in negligence actions:

"It is because the question of negligence is a question of fact and not of law and because its existence depends upon conformance with or violation of standards of behavior peculiarly within the special province of a jury to determine, that the summary judgment procedures of GCR 1963, 117.2(3), rarely will be applicable to a common-law negligence case. Exceptions, of course, may be found—such as where no duty of care can be proved. In such circumstances, assuming there 'is no genuine issue as to any material fact' relevant to the existence of an asserted duty, the trial court may determine as a matter of law that no cause for action exists. But this is not such a case."

In applying the foregoing principles to the matter at bar, we are unable to conclude that there was not any genuine issue of fact raised regarding

---

[2] *Revitzer v Trenton Medical Center, Inc,* 118 Mich App 169; 324 NW2d 561 (1982); 7 Callaghan's Michigan Pleading & Practice (2d ed), § 43.05, pp 14-15.

[3] *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973).

[4] 373 Mich 519, 524; 129 NW2d 885 (1964). See, also, *Snyder v King,* 199 Mich 345, 357; 165 NW 840; 1 ALR 893 (1917); 57 Am Jur 2d, Negligence, §§ 6-9, pp 340-350; 2 Restatement Torts, 2d, § 328c, pp 154-156.

the alleged negligence of defendants Smith and McKenzie. Plaintiff's deposition and the interrogatory answers of defendant Foster provide support for the allegations contained in plaintiff's complaint that defendant Smith operated his motorcycle negligently.

We are not unmindful of the case primarily relied upon by defendants on appeal and in the trial court, *Gamet v Jenks*,[5] in support of their contention that plaintiff's depositional testimony amounted to an admission that defendant Smith was not negligent. Unlike the factual setting in *Gamet*, where the plaintiff therein "clearly, intelligently and unequivocally" testified in a fashion conclusively binding against his cause of action, the plaintiff in the instant case testified in a conflicting manner in her deposition. Moreover, the answer of defendant Foster to plaintiff's interrogatory previously referred to serves to raise a question of fact in relation to the negligence of defendant Smith.[6] Accordingly, we find that summary judgment was improvidently granted.

Reversed and remanded.

[5] 38 Mich App 719, 726-727; 197 NW2d 160 (1972).

[6] See, also, *Braman v Bosworth*, 112 Mich App 518, 520-523; 316 NW2d 255 (1982), for a detailed analysis of the proposition set forth in *Gamet v Jenks, supra*. In *Braman*, the plaintiff testified in her deposition that defendant Dolen was not negligent; however, another witness, defendant Bosworth, testified in his deposition that Dolen was, in fact, operating his automobile in a negligent manner. The matter at bar contains facts which militate more strongly than *Braman* against summary judgment: evidence was raised outside of plaintiff's complaint by another party (defendant Foster) and plaintiff's depositional testimony was conflicting.