HAZELTON v LUSTIG

Docket No. 86847. Submitted December 3, 1986, at Detroit. Decided November 2, 1987.

Donald Hazelton filed a medical malpractice action against David Lustig, D.O., Mt. Clemens General Hospital, and others in Macomb Circuit Court alleging primarily a misdiagnosis of an arteriovenous malformation in plaintiff's thoracic spine. Defendant Lustig moved for summary disposition on the ground that February 11, 1981, was the last date on which he professionally treated plaintiff, that plaintiff's complaint was filed on May 19, 1983, and that plaintiff's action against him therefore was barred by the two-year statute of limitations applicable to malpractice actions. In a deposition, on June 6, 1984, plaintiff testified that it was possible that defendant Lustig did not see him in Lustig's office after plaintiff's February, 1981, hospitalization. On November 30, 1984, plaintiff swore in an affidavit that he had an appointment in June of 1981 and that his medical treatment was discussed with Lustig at that time. Plaintiff also submitted a copy of a medical bill on the letterhead "David Lustig, D.O., P.C.," which indicated that a neurological reevaluation was performed on June 23, 1981. The court, Lawrence P. Zatkoff, J., granted summary disposition in favor of defendant on the ground that the statute of limitations barred plaintiff's action against defendant Lustig. Plaintiff appealed.

The Court of Appeals *held:*

1. Plaintiff's affidavit was sufficient to create a material factual dispute. The order of summary disposition is reversed and the matter is remanded for further proceedings. On remand, the court may resolve the factual dispute in accordance with the immediate trial procedure set forth in MCR 2.116(I)(3) or it may defer a decision until trial in accordance with MCR 2.116(I)(4).

2. On remand, the court should also determine whether Dr.

REFERENCES

Am Jur 2d, Limitation of Actions § 470.
Am Jur 2d, Summary Judgment §§ 12 *et seq.*; 26 *et seq.*
Reviewability of order denying motion for summary judgment. 15 ALR3d 899.   .

Kaner, whom plaintiff consulted in June of 1981, can be said to have been acting as defendant's agent. If Kaner was defendant's agent when he consulted with plaintiff in June of 1981, that date should be imputed to defendant as the last date of treatment for purposes of the running of the period of limitation.

Reversed and remanded.

1. LIMITATION OF ACTIONS — SUMMARY DISPOSITION — PLEADING — QUESTIONS OF MATERIAL FACT.

Affidavits, pleadings, depositions, admissions and documentary evidence then filed or submitted by the parties must be considered when a motion for summary disposition is made on the basis that the action is barred by the statute of limitations; where there is a material factual dispute raised by such documents, summary disposition is improper (MCR 2.116[C][7], 2.116[G][5]).

2. MOTIONS AND ORDERS — SUMMARY DISPOSITION — DEPOSITIONS — AFFIDAVITS — QUESTIONS OF MATERIAL FACT.

The subsequent affidavit of a plaintiff, which contravenes his prior deposition testimony, may create a material factual dispute sufficient to defeat a motion for summary disposition.

3. MOTIONS AND ORDERS — SUMMARY DISPOSITION — BAD FAITH AFFIDAVITS — SANCTIONS.

The Michigan Court Rules provide sanctions sufficient to deter the use of bad faith affidavits to raise a material factual dispute in summary disposition proceedings (MCR 2.116[F]).

*Dietrich & Cassavaugh, P.C.* (by *John L. Rogers*), for plaintiff.

*MacArthur, Cheatham, Acker & Smith, P.C.* (by *Dwight R. Robinson* and *Brian J. Doren*), for defendant.

Before: DANHOF, C.J., and SHEPHERD and W. A. PORTER,* JJ.

W. A. PORTER, J. Plaintiff appeals from an order of the circuit court granting summary disposition

* Circuit judge, sitting on the Court of Appeals by assignment.

in favor of defendant David Lustig pursuant to MCR 2.116(C)(7). The basis of the decision was the court's conclusion that the period of limitation provided by MCL 600.5805; MSA 27A.5805 and former MCL 600.5838; MSA 27A.5838, now MCL 600.5838a; MSA 27A.5838(1), barred the medical malpractice claim against Lustig.

Plaintiff instituted this action by filing a complaint on May 19, 1983, against Lustig, Mt. Clemens General Hospital, and various other physicians. The primary allegation was a misdiagnosis of an arteriovenous malformation in plaintiff's thoracic spine.

It is defendant Lustig's contention that the two-year period of limitation began to run on February 11, 1981, which was the last date that Lustig alleges that he treated plaintiff in a professional capacity. Thus, defendant argues, the claim was barred after February 11, 1983, and plaintiff's subsequently filed complaint was untimely. The parties do not dispute that Lustig examined plaintiff on February 11, 1981. What is disputed is whether Lustig performed any later services. Lustig stated in an affidavit that he reviewed his medical records, which indicated that his only professional contact with plaintiff occurred on February 11, 1981. Lustig further averred that he never saw, treated, examined, or rendered any professional care of any kind whatsoever to plaintiff thereafter. Defendant also cites plaintiff's June 6, 1984, deposition where plaintiff testified that it was "possible" that Lustig did not see plaintiff in Lustig's office after plaintiff's February, 1981, hospitalization.

In response, plaintiff swore in an affidavit on November 30, 1984, that he had an appointment in June of 1981 and that his medical treatment was discussed with Lustig at that time. Plaintiff

also submitted a copy of a medical bill on the letterhead "David Lustig, D.O., P.C.," which indicated that a neurological reevaluation was performed on June 23, 1981.

The applicable period of limitation for a malpractice action, MCL 600.5805; MSA 27A.5805, is two years in duration. At the time of the events pertinent to this appeal, MCL 600.5838(1); MSA 27A.5838(1) provided that a claim of medical malpractice against a physician accrues

> at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim. [1975 PA 142.]

On appeal, plaintiff argues that summary disposition was erroneous because there was a material question of fact as to the date of Lustig's last service in a professional capacity. If, as plaintiff contends, the last date of treatment occurred in June of 1981, the claim against Lustig accrued at that time and the complaint was timely filed within the two-year period of limitation.

MCR 2.116(G)(5) provides that affidavits, pleadings, depositions, admissions and documentary evidence then filed or submitted by the parties must be considered when a motion is brought under MCR 2.116(C)(7). Where there is a material factual dispute raised by such documents, summary disposition under the subrule is improper. *Pendell v Jarka,* 156 Mich App 405, 411-412; 402 NW2d 23 (1986), lv den 428 Mich 880 (1987).

The record indicates that there was a material factual dispute concerning whether Dr. Lustig in fact consulted with or treated plaintiff within the

two-year period preceding the filing of the complaint. Defendant argues that plaintiff's deposition testimony that it was possible that no further consultation or treatment occurred after February 11, 1981, is insufficient to create a material issue of fact because that statement was mere conjecture. *Kelleher v Mills,* 70 Mich App 360, 365; 245 NW2d 749 (1976). We would be inclined to agree if plaintiff had submitted nothing more by way of evidentiary support for his position. However, averments of plaintiff's later affidavit directly contradict defendant's allegation that treatment ended in February of 1981.

Defendant also cites *Gamet v Jenks,* 38 Mich App 719, 725-727; 197 NW2d 160 (1972), for the proposition that a party may not contradict his own unfavorable deposition testimony by a subsequently submitted affidavit. Rather, the deposition is "considered as conclusively binding against him in the absence of any explanation or modification, or of a showing of mistake or improvidence." *Id.,* 726. It is apparent that this holding is premised upon an underlying policy to preclude a party from contriving factual issues by the simple expedient of completing an affidavit when that party's unfavorable deposition testimony has already indicated that the assertion in the affidavit is likely to be vexatious and ill-founded. We believe that the policy to deter bad-faith affidavits is best effectuated by the imposition of the sanctions provided in MCR 2.116(F). Moreover, we note that, unlike in *Gamet,* plaintiff's deposition testimony in the instant case did not clearly and unequivocally establish facts contrary to those set forth in the affidavit. At the time of the deposition, plaintiff was simply unsure of the facts. Cf. *Miller v Foster,* 122 Mich App 244; 332 NW2d 454 (1982). We decline

to accord plaintiff's deposition testimony the conclusive effect of a binding admission.

Since plaintiff's affidavit was sufficient to create a material factual dispute, we reverse the order of summary disposition. On remand, the circuit court may, in its discretion, resolve this factual dispute in accordance with the immediate trial procedure set forth in MCR 2.116(I)(3), or it may defer a decision until trial in accordance with MCR 2.116(I)(4). We express no opinion at this time whether the alleged consultations in June of 1981, if true, constituted a treatment within the meaning of MCL 600.5838(1); MSA 27A.5838(1).[1]

Plaintiff also argues that defendant Lustig and a codefendant, Dr. Kaner, held themselves out as partners. Since it is undisputed that Dr. Kaner treated plaintiff in June of 1981, plaintiff argues that that date should be imputed to Lustig as the last date of treatment for purposes of MCL 600.5838(1); MSA 27A.5838(1). Defendant argues that Lustig and Kaner were not partners, but rather that their legal relationship was one of coemployees of the same professional corporation. The proper resolution of this question depends on whether Kaner can be said to have been acting as Lustig's agent. See *Whitmore v Fabi,* 155 Mich App 333; 399 NW2d 520 (1986). If it is true that Kaner and Lustig were partners, then it is likely that Kaner was acting as Lustig's agent at the time of the June, 1981, treatment, thus delaying the commencement of the period of limitation until that time. See MCL 449.9; MSA 20.9. On the

---

[1] We are not deciding today, directly or by implication, whether the grounds set forth in MCR 2.116(C)(7) may be brought under MCR 2.116(C)(10) to establish that there is no genuine issue of material fact that the claim is barred, thereby limiting the court to consideration of affidavits, depositions, admissions, or other documentary evidence and excluding the court's consideration of the pleadings of the parties. MCR 2.116(G)(3)(b), (4), and (5).

other hand, even if defendant's characterization of the legal relationship is correct, an agency relationship between Lustig and Kaner with respect to plaintiff's treatment would not necessarily be precluded. See *Whitmore, supra,* 338-339. Since the question of the relationship between Lustig and Kaner with respect to plaintiff's treatment is not factually developed on the record, we decline to provide a definitive ruling on this issue in its present posture. Instead we remand with the direction that the circuit court reconsider this issue in light of the principles discussed in *Whitmore,* assuming that a sufficient evidentiary record is first developed in accordance with MCR 2.116(G)(3) and MCR 2.302(H).

Reversed and remanded.