**GENERAL MOTORS CORPORATION,
Plaintiff,**

v.

**Bobbie KIRBY, Defendant.**

**Dennis Hazen HUGULEY,
et al., Plaintiffs,**

v.

**GENERAL MOTORS CORPORATION,
Defendant.**

No. 94–CV–72616.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 21, 1994.

---

**32**

Patrick M. Kirby, Flint, MI, for Kirby.

Timothy K. McConaghy, Alex L. Alexopoulos, Hardy, Lewis, Pollard and Page, P.C., Birmingham, MI, for General Motors.

### OPINION AND ORDER

FEIKENS, District Judge.

General Motors Corporation ("GM") moves for reconsideration of my previous Opinion and Order of August 25, 1994, denying GM's Motion to Enforce Consent Decree. GM argues that I should reconsider because defendant's allegations of race discrimination arose prior to October 15, 1991, and are therefore absolutely barred by the *Huguley* Consent Decree.[1] For the reasons discussed below, GM's Motion For Reconsideration is denied.

My Opinion and Order of August 25, 1994, concluded that defendant's, Bobbie Kirby ("Kirby"), state court discriminatory discharge action[2] was not barred by the Decree. 157 F.R.D. 402. The Decree prevents any claim "alleg[ing] race discrimination in the promotion, pay, demotion, transfer, layoff, recall or other personnel decisions" by a covered GM employee arising from conduct *"occurring prior to the date of this Decree and any future effect of such prior occurrences."* Consent Decree at 11–12; *See also Huguley v. GM*, 999 F.2d 142, 147 (6th Cir. 1993). Because Kirby did not allege that her termination was a present effect of past discrimination, and because she claims to have proof that would clearly take her claim out of the Decree's protective umbrella, I declined to enjoin her state court action. GM's motion for reconsideration raises the very argument I rejected; Kirby's present state law claim is a present effect of past discrimination.

Since I issued my Opinion and Order of August 25, 1994, the United States Court of Appeals for the Sixth Circuit has addressed this issue in *Huguley v. General Motors Corp.*, 35 F.3d 1052 (6th Cir.1994) *("Perry ").*[3] The issue before the court in *Perry* was whether I had erred by enjoining the state court civil rights lawsuit of the plaintiffs/appellants based on the preclusive effect of the Decree. *Id.* The state court action alleged discrimination prior to as well as subsequent to the effective date of the Decree. *Id.* at 1054.

My decision, which was reversed in part by the court of appeals, concluded that the plaintiffs/appellants' state court action was a present effect of past discrimination. *Id.* at 1055. The court of appeals held that I erred

---

1. The Consent Decree (the "Decree") I approved in *Huguley v. General Motors Corp.*, 128 F.R.D. 81 (E.D.Mich.1989); *aff'd*, 925 F.2d 1464 (6th Cir.), *cert. denied*, 502 U.S. 909, 112 S.Ct. 304, 116 L.Ed.2d 247 (1991).

2. Defendant is a black female former salaried employee of GM who alleges that GM fired her, in February of 1992, because of her race and sex, in violation of Michigan's Elliott–Larsen Civil Rights Act, Mich.Comp.Laws. §§ 37.2101–.2804.

3. The appeal stemmed from the *Huguley* race discrimination class action against GM; the specific plaintiffs-appellants were Abbie L. Perry and Lonnie K. Perry whose state court race discrimination action had been enjoined, by me, on the basis of the Decree.

in making this determination and stated that "the emphasis should not be placed on mere continuity; the critical question is whether any present violation exists." *Id.* at 1056. Thus, the court concluded, a new violation could exist if a black employee, on the facts of the *Perry* appeal, is not treated comparably to white employees with respect to transfers out of a particular office or location. *Id.*

In denying GM's Motion to Enforce Consent Decree in this case, I found that a new violation could exist if Kirby was not treated comparably to white employees during GM's reduction in workforce.[4] Because this new violation would take Kirby's state court action out of the protective umbrella of the Decree, an injunction at this time is inappropriate.[5]

For the foregoing reasons, GM's Motion for Reconsideration of its Motion to Enforce Consent Decree IS HEREBY DENIED.

IT IS SO ORDERED.

Deborah K. Rump, Drug Task Force Unit, Toledo, OH, for plaintiff.

Terry K. Sherman, Columbus, OH, for defendant.

---

4. GM alleges that Kirby was fired due to a general reduction in workforce.

5. That I again refuse to enjoin Kirby's state law race discrimination claim at this time does not preclude GM from raising this motion again at some later date. I can issue an injunction at a later time if Kirby fails during her state court trial to prove that her termination was a separate, post-Decree act of discrimination.