■ WESLEY A. SONGER, Respondent, v. MACK TRUCKS, INC., Appellant.— Order entered on July 9, 1964 denying defendant's motion for partial summary judgment, unanimously reversed, on the law, with $30 costs and disbursements to the appellant, and the motion granted, with $10 costs. In this action for damages, allegedly sustained by plaintiff employee as the result of the breach of an employment contract with the defendant, defendant moves to limit plaintiff's claim for damages to those set forth in paragraph 11 of the employment contract. It contends that those provisions fix the maximum the plaintiff may recover in the event of his discharge. Plaintiff asserts that he is not so restricted and is free to seek the usual damages flowing from a breach of contract. He contends that paragraph 11 is inapplicable since at the time he was informed that his services were no longer required — thus constituting a breach of contract — he had not yet actually entered into the performance of his duties as general manager and chief executive officer of the defendant. Special Term held that a triable issue existed as to the applicability of paragraph 11 in these circumstances and, accordingly denied the defendant's motion. The employment agreement was executed on November 9, 1960. It provides that "The employee's employment hereunder shall commence November 9, 1960". The relationship of the parties was terminated by the defendant on December 23, 1960, before he actually commenced the performance of his duties. Paragraph 11 after setting forth exactly what the plaintiff would be entitled to receive in the event that his employment was terminated involuntarily, provides in subdivision (e) thereof as follows: " (e) Except as above provided, employee shall have no other claims or rights against the Company in the event he involuntarily leaves the employ of the Company." It is the position of the plaintiff that, within the meaning of the contract, he could not be discharged until he had been employed and that his employment did not commence until he had actually entered upon his duties. However, the language of the agreement is explicit to the contrary. As indicated, it provided that his employment was to commence on November 9, 1960. Accordingly, on December 23, 1960, when defendant advised the plaintiff that it would not continue with his employment, he must be deemed to have " involuntarily " left the employ of the company, within the meaning of paragraph 11. He is therefore limited to such remedies as that paragraph affords. We hold that it is of no consequence that on December 23, 1960 the plaintiff had not yet commenced the actual performance of his duties. He may not, by parol evidence, offer his interpretation of what the parties intended to be the date of the commencement of his employment in the face of such a clear and unambiguous provision of the contract. (*Dady* v. *O'Rourke*, 172 N. Y. 447, 453.) In any event, even had plaintiff not yet been employed and had there been an anticipatory breach, the provisions of paragraph 11 would still limit the amount of any recovery available to him. There is no dispute but that defendant could have terminated plaintiff's employment immediately after he

undertook the actual performance of his duties. Nor is there any disagreement that in such a situation his recovery would be limited by paragraph 11. We see no reason why, even if there were an anticipatory breach, the measure of damages could be any greater than that which would follow from a termination of the contract at the earliest possible time after the commencement of performance (see *Robertson* v. *Charles Frohman, Inc.*, 198 App. Div. 782). Concur — Botein, P. J., Breitel, Rabin, Stevens and Staley, JJ.