MILLIGAN v THE UNION CORPORATION

Docket No. 77-245. Submitted May 4, 1978, at Detroit.—Decided November 27, 1978.

Plaintiff Jack Milligan brought an action against defendant The Union Corporation seeking damages for the alleged wrongful termination of an employment contract. The Wayne Circuit Court, Roland L. Olzark, J., granted summary judgment for the defendant. Plaintiff appeals. *Held:*

1. The trial court properly granted summary judgment on the ground that there was no genuine issue of material fact since no material facts were in dispute in light of the plaintiff's admission in his complaint and deposition testimony that the employment contract was to be terminable at the will of the defendant.

2. Contracts for permanent or life employment are indefinite hirings which, absent distinguishing features or consideration in addition to the services to be rendered, are terminable at the will of either party.

3. An employee serving under a contract of employment terminable at will has no cause of action for damages for wrongful discharge absent a claim of additional consideration passing from the employee to the employer or a claim that the employee's discharge contravenes some settled public policy of this state.

4. Absent such distinguishing features or additional consideration, there is no cause of action if a terminable at will employee is never given an opportunity to commence employment, since the measure of damages cannot be greater than that which would follow from termination of the contract at the earliest possible time after commencement of performance.

Affirmed.

1. APPEAL AND ERROR—JUDGMENTS—SUMMARY JUDGMENTS—MASTER AND SERVANT—EMPLOYMENT CONTRACTS—TERMINATION—ISSUES OF MATERIAL FACT—PLAINTIFF'S ADMISSIONS—COURT RULES.

A trial court properly granted summary judgment to the defend-

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[2] 53 Am Jur 2d, Master and Servant §§ 32, 33.
[3] 53 Am Jur 2d, Master and Servant §§ 32-34.

ant, in an action for damages for the alleged wrongful termination of an employment contract, on the ground that there was no genuine issue of material fact where no material facts were in dispute in light of the plaintiff's admission in his complaint and deposition testimony that the employment contract was to be terminable at the will of the defendant (GCR 1963, 117.2[3], 117.3).

2. MASTER AND SERVANT—EMPLOYMENT CONTRACTS—TERMINATION.

Contracts for permanent or life employment are considered indefinite hirings which, absent distinguishing features or consideration in addition to the services to be rendered, are terminable at the will of either party.

3. MASTER AND SERVANT—EMPLOYMENT CONTRACTS—TERMINATION AT WILL—WRONGFUL DISCHARGE—CAUSES OF ACTION—MEASURE OF DAMAGES.

An employee serving under a contract of employment terminable at will has no cause of action for damages from wrongful discharge absent a claim of additional consideration passing from the employee to the employer or a claim that the employee's discharge contravenes some settled public policy of this state; absent distinguishing features or additional consideration, there is no reason to recognize a cause of action if a terminable at will employee is never given an opportunity to commence employment, since the measure of damages cannot be any greater than that which would follow from a termination of the contract at the earliest possible time after the commencement of performance.

*Draugelis, Ashton & Scully* (by *Richard T. Haynes*), for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Roger K. Timm* and *Gary A. Krieger*), for defendant.

Before: M. F. CAVANAGH, P.J., and BRONSON and D. F. WALSH, JJ.

D. F. WALSH, J. Plaintiff appeals entry of summary judgment for defendant, GCR 1963, 117.2(3). Plaintiff had sought damages from defendant for breach of an employment contract.

It was plaintiff's allegation that on February 18, 1975, April 13, 1975, and May 5, 1975, defendant, by and through its executive vice president, entered into an agreement whereby plaintiff was to be employed by defendant in a position of responsibility equal to or greater than his then current position with defendant. Such employment was to be considered new employment rather than a continuation of existing employment. Plaintiff's existing employment was scheduled to and did end in the summer of 1975. Plaintiff expected the new employment to be permanent but terminable at the will of defendant. On May 21, 1975, after plaintiff had passed up two comparable job opportunities with other corporations, plaintiff was advised that his employment with defendant was terminated. He had not yet begun to work for defendant in the promised new position.

The trial court granted summary judgment for defendant, ruling that, by passing up other employment opportunities, plaintiff had merely prepared himself for assuming the new position with defendant. Because the employment was to be terminable at will, plaintiff's claim for damages was rejected. The trial court found no significance in the fact that plaintiff had never been given an opportunity to commence work in the new position.

On appeal plaintiff first claims that the trial court improperly found that there was no genuine issue of material fact. GCR 1963, 117.2(3). We agree with the trial court that there was no evidentiary support for plaintiff's claim that material facts were disputed. The court relied solely on plaintiff's complaint and deposition testimony. By deposition plaintiff himself testified that the employment contract was to be terminable at the will

of defendant corporation. He was bound by this testimony. *Gamet v Jenks,* 38 Mich App 719, 726–727; 197 NW2d 160, 164 (1972). In light of this admission the trial court properly disposed of the matter by summary judgment. GCR 1963, 117.3.

Plaintiff also claims that the trial court erred in ruling that defendant was entitled to judgment as a matter of law. We find no error. Although plaintiff testified that he expected his employment to last for the rest of his "working days", he also admitted that the job would be terminable at the will of the corporation. This admission is in accord with established authority which provides that contracts for permanent or life employment are considered indefinite hirings which, absent distinguishing features or consideration in addition to the services to be rendered, are terminable at the will of either party. *Lynas v Maxwell Farms,* 279 Mich 684; 273 NW 315 (1937), *Adolph v Cookware Co of America,* 283 Mich 561; 278 NW 687 (1938). Absent a claim of additional consideration passing from the employee to the employer or a claim that the employee's discharge contravenes some settled public policy of this state,[1] an employee serving under a contract of employment terminable at will has no cause of action for damages from wrongful discharge. *Toussaint v Blue Cross & Blue Shield of Michigan,* 79 Mich App 429; 262 NW2d 848 (1977).

The plaintiff in *Lynas v Maxwell Farms, supra,* sold his restaurant business so that he could assume his duties with the defendant company. It was understood that he was to have a permanent lifetime position with the defendant. When terminated approximately one year after taking his position with the company, the plaintiff sued to

---

[1] *See, e.g., Sventko v The Kroger Co,* 69 Mich App 644; 245 NW2d 151 (1976).

recover damages for breach of his contract of employment. The Michigan Supreme Court rejected the plaintiff's claim that he had supplied additional consideration in selling his restaurant business. The plaintiff's detriment, if any, in preparing himself to accept the new employment "was not mutually understood as being a part of the consideration" and "was only a necessary incident in placing himself in a position so that he might perform the contract". *Id.* at 688–689. The Court ruled similarly in *Adolph v Cookware Co of America, supra,* where the action of the plaintiff in giving up his chiropractic practice was found to be only a necessary incident to placing himself in a position to accept and perform under the employment contract and not a part of the consideration paid to the defendant for the contract.[2]

Absent distinguishing features or additional consideration, we see no reason to recognize a cause of action if the terminable at will employee is never given an opportunity to commence employment. Logic dictates that the measure of damages cannot be any greater than that which would follow from a termination of the contract at the earliest possible time after the commencement of performance. See *Songer v Mack Trucks Inc,* 23 App Div 2d 544; 256 NYS2d 313 (1965).

The instant record contains no suggestion that any consideration, in addition to the rendition of services, flowed or would have flowed to defendant from plaintiff. Passing up other employment opportunities was merely preparatory to commencement of plaintiff's new position with defendant.

[2] *Compare Brawthen v H & R Block, Inc,* 52 Cal App 3d 139; 124 Cal Rptr 845 (1975), where the California court noted that moving of the employee's family and foregoing of other business and contracts would, if bargained for, constitute sufficient consideration to create a cause of action for breach of a contract for permanent employment.

There is no suggestion that the parties understood that it was part of the consideration flowing to defendant from plaintiff in exchange for the offer of employment. Nor do we find any public policy grounds dictating that we make an exception to the usual rule as to terminable at will employment contracts.[3]

Accordingly, we find no reversible error on the part of the trial court in entering summary judgment for defendant. That judgment is affirmed.

---

[3] Plaintiff's reliance on *Hackett v Foodmaker, Inc,* 69 Mich App 591; 245 NW2d 140 (1976), *lv den* 399 Mich 823 (1977), is misplaced. In *Hackett* the jury could have found that the considerable expense incurred by the plaintiff in moving from California to Michigan to accept the defendant's offer of employment was a part of the plaintiff's performance which had been bargained for. Such bargaining would have removed the case from the general rule that contracts for indefinite or permanent employment are terminable at will. *See Ebling v Masco Corporation,* 79 Mich App 531; 261 NW2d 74 (1977). In addition, the *Hackett* defendant's refusal to honor its offer of employment after the plaintiff's participation in an antitrust suit against the defendant raised significant public policy considerations in favor of the plaintiff's claim of wrongful discharge. We do not feel that the fact that the plaintiff in *Hackett* was not given an opportunity to commence performance under the contract, while considered "a distinguishing feature" by the *Hackett* panel, was dispositive in determining the existence of a cause of action for damages. Despite the indefinite term of the employment contract, the plaintiff in *Hackett* would have had a cause of action even if discharge had come after his performance under the contract had begun.