## FILCEK v NORRIS-SCHMID, INC

Docket No. 84846. Submitted May 9, 1986, at Lansing. Decided November 4, 1986.

William F. Filcek III accepted an offer of employment from Norris-Schmid, Inc. Filcek terminated employment by his then-current employer one week before he was to commence employment with Norris-Schmid. However, Norris-Schmid notified Filcek that the offered position was no longer available and Filcek thereafter could not regain the job from which he resigned. Filcek filed an action in district court against Norris-Schmid, alleging breach of contract. At the jury trial, Norris-Schmid moved for a directed verdict, arguing that Filcek could not, as a matter of law, recover damages since employment, had it commenced, would have been terminable at will. The district court denied the motion and the jury eventually awarded $7,500 to Filcek. On appeal, the Midland Circuit Court, Tyrone Gillispie, J., affirmed the district court's ruling on the directed verdict motion. Norris-Schmid appealed by leave granted.

The Court of Appeals *held:*

Norris-Schmid's repudiation of the employment contract prior to the commencement of employment gave rise to a cause of action by Filcek. Therefore, the district court did not err in denying the motion for a directed verdict.

Affirmed.

F. X. O'BRIEN, J., dissented. He would hold that a contract of employment for an indefinite term is generally terminable at the will of either party, subject to some exceptions which include firings that violate public policy, express and implied promises to discharge only for cause, and consideration passing from employee to employer in addition to the services rendered.

REFERENCES

Am Jur 2d, Damages §§ 70, 71.

Am Jur 2d, Master and Servant §§ 27, 32, 60-64.

Damages recoverable for wrongful discharge of at-will employee. 44 ALR4th 1131.

Modern status of rule that employer may discharge at-will employee for any reason. 12 ALR4th 544.

He would reverse the district court's ruling since this case does not fit within any of the exceptions.

OPINION OF THE COURT

1. CONTRACTS — PERSONAL SERVICES CONTRACTS — TERMINATION AT WILL.

Contracts for personal services for permanent employment or for life are considered indefinite hirings, terminable at the will of either party, unless there are distinguishing features, or promises, or a consideration in addition to the services to be rendered.

2. CONTRACTS — PERSONAL SERVICES CONTRACTS — DAMAGES.

A contract of employment to begin at a future time is totally broken by the employer's refusal to begin such employment at that time; on such refusal, the employee has a single action for his injury, measured by the full amount of salary or wages promised, less what he can earn by reasonable effort in other similar employment.

DISSENT BY F. X. O'BRIEN, J.

3. CONTRACTS — PERSONAL SERVICES CONTRACTS — TERMINATION AT WILL.

*A contract of employment for an indefinite term is generally terminable at the will of either party; well-established exceptions to that rule include firings which violate public policy, express and implied promises to discharge only for cause, and consideration passing from employee to employer in addition to the services rendered.*

*Law Offices of Sinclair, McCormick & Poznak* (by *Thomas R. McCormick*), for plaintiff.

*Stringari, Fritz, Kreger, Ahearn, Bennett & Hunsinger, P.C.* (by *Roy R. Hunsinger* and *Martin E. Crandall*), for defendant.

Before: CYNAR, P.J., and R. B. BURNS and F. X. O'BRIEN,* JJ.

CYNAR, P.J. Defendant appeals by leave granted

---

* Circuit judge, sitting on the Court of Appeals by assignment.

from the trial court's order denying its motion for a directed verdict.

Plaintiff was employed at Schaefer Chevrolet when, on April 17, 1982, he was offered employment with defendant. Plaintiff accepted but stated that he needed to give Schaefer one week's notice of resignation. The parties agreed that plaintiff would commence employment with defendant on April 26, 1982.

On April 19, 1982, plaintiff resigned from Schaefer Chevrolet. The following day, Ken Jenkins, defendant's service manager, notified plaintiff that the position was no longer available. Plaintiff was unable to regain his job with Schaefer and remained unemployed until July, 1983.

Plaintiff instituted this action in district court, seeking damages for beach of contract. At the close of plaintiff's proofs, defendant moved for directed verdict pursuant to GCR 1963, 515.1, now MCR 2.515, on the basis that plaintiff was not entitled to damages for breach of an employment-at-will contract as a matter of law. The trial court took the motion under advisement and the jury subsequently awarded plaintiff approximately $7,500. The district court then entered an order denying defendant's motion which was later affirmed by the Midland Circuit Court.

On the record before us, there is no dispute that employment, had it commenced, would have been employment terminable at will by either party. The issue presented here is whether an employee, such as the plaintiff herein, who resigns his employment relying on a promise of employment with the defendant as employer has a cause of action for damages if the defendant, as here, repudiates the contract prior to the time employment is to be commenced.

This Court in *Milligan v The Union Corp,* 87

Mich App 179, 182; 274 NW2d 10 (1978), relying
on *Lynas v Maxwell Farms,* 279 Mich 684, 687;
273 NW 315 (1937), and *Adolph v Cookware Co of
America,* 283 Mich 561, 568; 278 NW 687 (1938),
observed that contracts for permanent or life em-
ployment are considered indefinite hirings which,
absent distinguishing features or consideration in
addition to the services to be rendered, are termi-
nable at the will of either party. It is difficult to
perceive why an employer-employee relationship
must be construed, as a matter of law, to be a
contract of employment at will when the proofs
are legally sufficient for submission to the fact-
finder to determine otherwise. With one sweep of
the judicial wand, a cow was transformed into a
horse.

We are persuaded to follow *Hackett v Food-
maker, Inc,* 69 Mich App 591; 245 NW2d 140
(1976), since the Michigan Supreme Court denied
leave, 399 Mich 823 (1977). The Court of Appeals
in *Hackett* analyzed plaintiff's claim under the
"distinguishing features" exception and concluded
that a cause of action for breach of contract did
exist. The facts in *Hackett* are similar to those in
the present case. The plaintiff, a member of the
U. S. Navy stationed in California, was working
part-time for defendant. When defendant offered
plaintiff a full-time position in Michigan, plaintiff
left the Navy and moved his family to Michigan.
When he arrived, he was informed that the posi-
tion was not available and was given other, lessor
employment with defendant. When the promised
position did become available, it was given to
another individual.

The Court in *Hackett* distinguished *Lynas* and
*Adolph* on the basis that in those cases the plain-
tiffs had actually commenced service. Unable to
find any Michigan case law on point, it referred to

the following passage from 4 Corbin on Contracts, § 958, p 847:

> A contract of employment to begin at a future time is totally broken by the employer's refusal to begin such employment at that time. On such refusal, the employee has a single action for his injury, measured by the full amount of salary or wages promised, less what he can earn by reasonable effort in other similar employment.

Based on the above, the Court concluded that where a contract for employment is proven and the plaintiff establishes that the employer repudiated the contract prior to the time any services were commenced, the plaintiff has a cause of action.

In *Hackett,* the plaintiff experienced the commotion and expense of a long distance move but he had employment, although different than he expected. Here, plaintiff was gainfully employed when he accepted employment with defendant. He resigned his employment in reliance on employment with defendant. The parties admit in the stipulated facts that defendant repudiated the contract prior to the time plaintiff was to begin service. We note that plaintiff remained unemployed from April 19, 1982, the date on which he resigned his job, until July, 1983. We conclude that, based on the facts in this case, plaintiff had a cause of action since the employee gave up his employment relying on the defendant's promise of employment.

While we recognize that *Hackett* has been criticized and limited to its facts by another panel of this Court, *Milligan, supra,* we are not persuaded that such a strict interpretation is necessary. We believe that the *Hackett* Court based its holding on the defendant's repudiation coupled with plaintiff's actions in relying on the contract rather than

any bargained for consideration or public policy. Since similar facts are present in this case, we believe that the "distinguishing features" which characterized *Hackett* are equally apparent in the instant action.

After viewing the evidence, as we must, in a light most favorable to the plaintiff, we do not believe that the trial court erred in denying defendant's motion for directed verdict.

Affirmed.

R. B. BURNS, J., concurred.

F. X. O'BRIEN, J. *(dissenting)*. A contract of employment for an indefinite term is generally terminable at the will of either party. *Suchodolski v Michigan Consolidated Gas Co,* 412 Mich 692, 694-695; 316 NW2d 710 (1982). Well-established exceptions include firings which violate public policy, *Sventko v The Kroger Co,* 69 Mich App 644; 245 NW2d 151 (1976), express and implied promises to discharge only for cause, *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), and consideration passing from employee to employer in addition to the services rendered, *Lynas v Maxwell Farms,* 279 Mich 684; 273 NW 315 (1937). The record in this case evidences no additional consideration or distinguishing feature which excepts it from the rule.

Plaintiff relinquished his previous employment to accept the position he had sought. His resignation was a customary and necessary incident of changing jobs. Nothing suggests that the defendant bargained for this benefit. *Adolph v Cookware Co of America,* 283 Mich 561; 278 NW 687 (1938); *Lynas, supra,* p 689; *Milligan v The Union Corp,* 87 Mich App 179; 274 NW2d 10 (1978).

I respectfully disagree with the majority's view

of the facts in the present case as being similar to
those in *Hackett v Foodmaker, Inc,* 69 Mich App
591; 245 NW2d 140 (1976), lv den 399 Mich 823
(1977). Likewise, I disagree with the majority's
conclusion that the defendant's repudiation of the
contract prior to the date set for plaintiff's perfor-
mance is a distinguishing feature.

The concept of a terminable at will contract is
that either party may end the relationship at any
time, for any reason, and without liability. Breach
or wrongful termination of such a contract is
basically a contradiction in terms. An exception
premised on the principle of a total anticipatory
breach does not resolve the contradiction or sug-
gest any justification for the exception. It increases
confusion by allowing recovery to an employee
who has not begun work while denying recovery to
an employee who is discharged shortly after per-
formance is commenced. *Milligan, supra,* p 183.