## CUNNINGHAM v 4-D TOOL COMPANY

Docket No. 107436. Submitted June 15, 1989, at Grand Rapids. Decided August 30, 1989. Leave to appeal denied, 434 Mich 892.

David A. Cunningham brought an action for breach of an employment contract against 4-D Tool Company in Wexford Circuit Court. Plaintiff's proofs at trial showed that plaintiff, a Detroit-area resident, answered an advertisement in a newspaper for a tool and die worker at defendant's plant in Mesick, Michigan. Defendant offered plaintiff a job. Plaintiff terminated his Detroit-area employment, made improvements to a lot he owned near Mesick and made arrangements to have his mobile home moved to that lot. When plaintiff reported to work with defendant, he was advised that something had come up and that the job was unavailable. It was undisputed that there had been no discussion on the length of employment. At the close of plaintiff's proofs, defendant moved for a directed verdict. The trial court, William R. Peterson, J., granted the motion on the basis that the employment relationship was "at will" and that as a matter of law defendant had the right to terminate the relationship at any time and for any reason. Plaintiff appealed.

The Court of Appeals *held:*

An employment-at-will relationship is terminable by either party at any time absent some distinguishing feature or special consideration passing from the employee to the employer. Terminating one's prior employment and moving to the area of the new job does not constitute the necessary distinguishing feature or special consideration, nor does the fact that the termination took place prior to any work being performed change the result.

Affirmed.

MASTER AND SERVANT — EMPLOYMENT CONTRACTS — TERMINATION AT WILL — WRONGFUL DISCHARGE.

An employee with a contract of employment which is terminable

REFERENCES

Am Jur 2d, Master and Servant §§ 27, 34, 43, 48.5, 48.7.

Modern status of rule that employer may discharge at-will employee for any reason. 12 ALR4th 544.

at will has no cause of action for damages for wrongful discharge absent a claim of additional consideration passing from the employee to the employer or a claim that the employee's discharge contravenes some settled public policy of this state; absent distinguishing features or additional consideration, there is no reason to recognize a cause of action if a terminable at will employee is never given an opportunity to commence employment.

*Timothy J. Bott,* for plaintiff.

*Tolley, Fisher & Verwys, P.C.* (by *Michael C. Walton* and *Linda Glaza-Herrington*), for defendant.

Before: HOLBROOK, JR., P.J., and SAWYER and GRIFFIN, JJ.

PER CURIAM. Plaintiff, David A. Cunningham, appeals as of right from a lower court order granting a directed verdict in favor of defendant, 4-D Tool Company, on plaintiff's claim for breach of an employment contract. We affirm.

I

Testimony at trial revealed that in March, 1986, plaintiff answered an advertisement placed by defendant in a Detroit newspaper indicating a need for a tool and die worker in Mesick, Michigan. At the time, plaintiff was employed as a tool and die worker in the Detroit area. Defendant gave plaintiff a tryout and offered him a job. Plaintiff was to start sometime in June. Plaintiff thereafter made improvements to a lot he owned near Mesick and arranged to have his mobile home moved. Plaintiff gave notice to his employer in Detroit in May and reported for work on June 26, 1986. Even though plaintiff had telephoned defendant repeatedly to confirm his employment, when plaintiff appeared

at defendant's plant on June 26, 1986, he was advised that something had come up and defendant did not have a job for the plaintiff after all.

There was no set time for the length of plaintiff's employment. Indeed, plaintiff himself testified that, if there had been a discussion on the length of employment, he would not have taken the job.

After plaintiff presented his case in chief, defendant made a motion for a directed verdict which was granted by the trial court. The court ruled that the employment relationship between the parties was "at will" and that as a matter of law defendant had the right to terminate the relationship at *any* time and for *any* reason.

On appeal, plaintiff argues that the trial court improperly granted defendant's motion for a directed verdict because of distinguishing features in the instant case which allow an exception to the general rule regarding at will employment contracts. Plaintiff argues that the move of his family and residence and termination of his former employment are special considerations which give rise to a cause of action. We disagree.

II

In deciding whether or not to grant a motion for directed verdict, the trial judge must view the testimony and all legitimate inferences in the light most favorable to the nonmoving party. If the evidence, when viewed in this manner, establishes a prima facie case, the motion for directed verdict must be denied. *Caldwell v Fox,* 394 Mich 401, 407; 231 NW2d 46 (1975).

As a general rule, contracts for permanent employment, or for life, are indefinite hirings which are terminable at the will of either party. *Lynas v Maxwell Farms,* 279 Mich 684, 687; 273 NW 315

(1937). To this rule, two exceptions are recognized. *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579, 530-531; 292 NW2d 880 (1980). The first comprises those circumstances in which an employee gives consideration in addition to the services to be rendered in exchange for a promise of permanent employment. The second exception consists of those instances in which the employment agreement includes some "distinguishing features or provisions" so as to preclude a construction of employment at will. *Id.* This second exception is typified by modern collective bargaining agreements and cases involving significant public policy considerations.

Plaintiff argues that the instant case falls within the second exception: that the instant facts include some "distinguishing features or provisions" so as to preclude construction of employment at will. The phrase "distinguishing feature or provision" has not been defined at law, but has been applied to the facts of several cases by this Court.

In *Hackett v Foodmaker, Inc,* 69 Mich App 591; 245 NW2d 140 (1976), lv den 399 Mich 823 (1977), the defendant promised the plaintiff a job as a fast food restaurant manager in Michigan. Based on the defendant's promise, the plaintiff obtained an early release from the Navy and moved his family, at considerable expense to himself, from California to Michigan to undertake his new duties. When he arrived, the restaurant he was to manage was still under construction. Thus the plaintiff worked as a utility manager of various other of defendant's restaurants in the Detroit, Michigan, area. Sometime thereafter, but prior to the time his promised restaurant was to open, the plaintiff became engaged in an antitrust suit against the defendant, whereupon the plaintiff was subsequently advised by the defendant that anyone engaged in such a

suit would not receive a restaurant. When the new restaurant opened, the defendant employed another individual. *Hackett, supra,* pp 593-594. This Court held that these facts amounted to a distinguishing feature and, if the plaintiff could prove that he had a contract and was prevented from performing due to the defendant's repudiation prior to the time any services were commenced, then the plaintiff had a right to recover. *Hackett, supra,* p 595.

In *Milligan v The Union Corp,* 87 Mich App 179; 274 NW2d 10 (1978), the plaintiff was to begin a new position with the defendant, which was considered new employment rather than a continuation of existing employment. The plaintiff expected the new employment to be permanent but terminable at the will of the defendant. Before the plaintiff began his new position, but after he passed up two comparable job opportunities with other corporations, the plaintiff was advised that his employment with the defendant was terminated. *Milligan, supra,* p 181. Relying on *Lynas, supra,* the Court concluded that passing up other employment opportunities was merely preparatory to commencement of the plaintiff's new position with the defendant. *Milligan, supra,* p 183. The *Milligan* Court disagreed with the holding in *Hackett,* stating in n 3, p 184:

> [T]he *Hackett* defendant's refusal to honor its offer of employment after the plaintiff's participation in an antitrust suit against the defendant raised significant public policy considerations in favor of the plaintiff's claim of wrongful discharge. We do not feel that the fact that the plaintiff in *Hackett* was not given an opportunity to commence performance under the contract, while considered "a distinguishing feature" by the *Hackett* panel, was dispositive in determining the existence

of a cause of action for damages. Despite the indefinite term 'of the employment contract, the plaintiff in *Hackett* would have had a cause of action even if discharge had come after his performance under the contract had begun.

Thus, the *Milligan* Court would not have found a distinguishing feature in the instant case as a result of the fact that plaintiff was not given an opportunity to commence performance under the contract.

These two cases were recently discussed in *Filcek v Norris-Schmid Inc,* 156 Mich App 80; 401 NW2d 318 (1986). In *Filcek* the plaintiff was gainfully employed when the defendant offered him employment. The plaintiff accepted, but stated that he needed to give his then-present employer one week's notice of resignation. The parties agreed that the plaintiff would commence work nine days later. Two days after accepting the defendant's offer of employment, the plaintiff resigned from his then-present employer. The following day the defendant notified the plaintiff that the position was no longer available. The plaintiff was unable to regain his employment with his prior employer. *Filcek, supra,* p 82. The majority, relying on *Hackett, supra,* ruled that, where a contract of employment to begin at a future time is totally broken by the employer's refusal to begin such employment at that time, the employee has a single action for his injury, measured by the full amount of salary or wages promised, less what he can earn by reasonable effort in other similar employment. *Filcek, supra,* p 84.

However, we disagree with the *Filcek* panel's conclusion that an employer's repudiation of the contract prior to the date set for plaintiff's performance is a distinguishing feature. The instant

parties do not dispute that the employment contract was terminable at will by either party at any time. We cannot distinguish the instant situation from that where the employee is fired after one day of employment. Plaintiff concedes that, had defendant employed him for one day and then fired him, he would have no cause of action. Arguably, then, plaintiff would have no cause of action had defendant fired him after one hour, or even one minute, on the job.

We find persuasive the *Milligan* decision and Judge O'BRIEN's dissent in *Filcek*. As stated by Judge O'BRIEN, an at will employment contract is terminable by either party at *any* time and for *any* reason:

> The concept of a terminable at will contract is that either party may end the relationship at any time, for any reason, and without liability. Breach or wrongful termination of such a contract is basically a contradiction in terms. An exception premised on the principle of a total anticipatory breach does not resolve the contradiction or suggest any justification for the exception. It increases confusion by allowing recovery to an employee who has not begun work while denying recovery to an employee who is discharged shortly after performance is commenced. *Milligan, supra,* p 183. [*Filcek, supra,* p 86.]

As to plaintiff's contention that his relinquishment of employment and move of his home and family to Mesick constituted a distinguishing feature, we again find the *Milligan* decision instructive. As stated in *Milligan,* the resignation of prior employment is a customary and necessary incident of changing jobs. *Id.,* p 183. Nothing in the record suggests that defendant bargained for this benefit. Moreover, unlike the plaintiff in *Hackett, supra,*

plaintiff did not move a great distance to accept this employment and he moved to property he already owned. The record does not indicate that defendant sought plaintiff out specifically and induced him to move for the job. Defendant offered the job to plaintiff, and it was of plaintiff's own volition that he decided to move and to accept the position. Since defendant did not bargain for plaintiff to resign from his prior employment and to move his family from Mt. Clemens to Mesick in order to accept the position, we conclude that these are not distinguishing features but rather are the customary and necessary incidents of changing jobs.

III

A traditional contract analysis also supports defendant's position. Employment contracts can generally be described as unilateral contracts, a unilateral contract being one in which the promisor does not receive a promise in return as consideration. 1 Restatement Contracts, §§ 12, 52; pp 10-12, 58-59. The employer makes an offer or promise which the employee accepts by performing the act upon which the promise is expressly or impliedly based. The employer's promise constitutes, in essence, the terms of the employment agreement; the employee's action in reliance upon the employer's promise constitutes sufficient consideration to make the promise legally binding. *Toussaint, supra,* pp 630-631; *In re Certified Question,* 432 Mich 438, 444-447; 443 NW2d 112 (1989).

In the instant case, defendant offered a typical unilateral employment contract in which plaintiff could accept by performance, i.e., by engaging in work at the defendant's plant. Plaintiff, however, was told when he arrived at the plant that the

defendant no longer had work for him. Since the only method of acceptance of a unilateral contract is performance, defendant effectively revoked its offer prior to plaintiff's acceptance.[1] Thus, there was no breach of the employment contract by defendant.

We therefore conclude that the trial court properly granted a directed verdict in favor of defendant. Taking the facts presented at trial in the light most favorable to the plaintiff, a prima facie case of breach of an employment contract was not established.

Affirmed.

---

[1] At oral argument, plaintiff's counsel appeared to have conceded to the unilateral nature of the contract by agreeing that the defendant would not have had a cause of action if the plaintiff had failed to appear for work.