PENNINGTON v LONGABAUGH

Docket No. 257359. Submitted March 14, 2006, at Detroit. Decided March 21, 2006. Approved for publication May 11, 2006, at 9:00 a.m.

Joseph R. Pennington, Jr., as personal representative of the estate of Mary Pennington, deceased, brought an action in the Lenawee Circuit Court against John Longabaugh, M.D.; and others, alleging medical malpractice in the death of the decedent. The plaintiff claimed that the defendants failed to properly perform a transesophageal echocardiogram, failed to obtain informed consent, and failed to properly diagnose and repair a perforation of the decedent's esophagus. The court, Harvey A. Koselka, J., granted the defendants' motion for summary disposition, ruling, among other things, that the plaintiff failed to establish a genuine issue of material fact with regard to whether the alleged negligence caused the death of the decedent. The plaintiff appealed.

The Court of Appeals *held*:

The trial court did not err in granting summary disposition for the defendants because the plaintiff's expert's deposition testimony did not establish a causal link between the alleged negligence and the plaintiff's ultimate death.

1. In a medical malpractice case, the plaintiff must establish the standard of care, a breach of that standard of care, an injury, and proximate causation between the alleged breach and the injury. To recover for the loss of an opportunity to survive, a plaintiff must show that had the defendant not been negligent, there was a greater than 50 percent chance of survival or of a better result. The plaintiff's expert could not testify about the medical probability regarding the cause of the decedent's stroke after the procedure was performed or that an earlier diagnosis of the decedent's perforated esophagus would have altered her outcome.

2. The death certificate and the plaintiff's affidavit of merit, absent supporting expert testimony, are insufficient to establish a genuine issue of fact relating to whether the alleged negligence caused the decedent's death.

Affirmed.

1. NEGLIGENCE — MEDICAL MALPRACTICE — CAUSAL LINK.

In a medical malpractice action, the plaintiff must establish the standard of care, a breach of that standard of care, an injury, and proximate causation between the alleged breach and the injury.

2. NEGLIGENCE — MEDICAL MALPRACTICE — WRONGFUL DEATH — OPPORTUNITY TO SURVIVE — OPPORTUNITY FOR A BETTER RESULT.

To recover for the loss of an opportunity to survive or an opportunity to achieve a better result, a plaintiff must show that had the defendant not been negligent, there was a greater than 50 percent chance of survival or of a better result.

3. NEGLIGENCE — MEDICAL MALPRACTICE — WRONGFUL DEATH — CAUSATION — DEATH CERTIFICATES — AFFIDAVITS OF MERIT.

Evidence of the death certificate and the plaintiff's affidavit of merit in a wrongful-death, medical malpractice action, absent supporting expert testimony, is insufficient to establish an issue of fact relating to whether the alleged negligence caused the decedent's death.

*Schreier & Schreier, P.C.* (by *Sherwin Schreier*), for Joseph R. Pennington, Jr.

*Robison, Curphey & O'Connell* (by *Jean Ann S. Sieler*) for John Longabaugh, M.D.; and Sundance Cardiology, P.L.L.C.

*Kitch Drutchas Wagner DeNardis & Valitutti* (by *Susan Healy Zitterman*) for Lenawee Health Alliance, Inc.; and Herrick Memorial Hospital.

Before: OWENS, P.J., and KELLY and FORT HOOD, JJ.

PER CURIAM. In this medical malpractice case, plaintiff appeals as of right the trial court's order granting summary disposition in defendants' favor pursuant to MCR 2.116(C)(10). We affirm.

On March 28, 2001, at approximately 8:47 a.m., the decedent Mary Pennington underwent a transesoph-

ageal echocardiogram (TEE) performed by defendant John Longabaugh, M.D. After the procedure, Mary complained of chest and throat discomfort. Dr. Longabaugh ordered a chest x-ray, which was negative. Mary reported that the pain had subsided. Dr. Longabaugh discharged Mary at approximately 11:10 a.m. Following her discharge, however, Mary presented to Bixby Hospital, where, sometime between 2:30 p.m. and 3:30 p.m., she was diagnosed with a perforated esophagus. At approximately 4:00 p.m., Mary was transferred to St. Joseph Mercy Hospital where she underwent surgery to repair the perforation. Several days later, she suffered a stroke and was placed on life-support systems. She later died after being disconnected from life-support machines.

Plaintiff filed a complaint alleging that defendants' failure to properly perform the TEE, failure to obtain informed consent, and failure to properly diagnose and repair the perforation caused Mary's death. In support of these claims, plaintiff offered the testimony of George Gubernikoff, M.D. In his deposition, Gubernikoff testified generally that Mary's death was caused by "complications related to her care following her perforated esophagus." He identified those complications as the stroke and "a prolonged Intensive Care Unit course." He noted that Mary was at risk for a stroke because of her age and history of diabetes. He further testified that he could not state the medical probability of the cause of the stroke or whether earlier diagnosis of the perforation would have altered her outcome. The trial court granted defendants' motion for summary disposition, ruling, among other things, that plaintiff had failed to establish a genuine issue of material fact with regard to whether the alleged negligence caused Mary's death.

On appeal, plaintiff argues that the trial court erred in ruling that plaintiff failed to establish a genuine issue of fact regarding causation. We disagree. We review de novo a trial court's decision on a motion for summary disposition. *Dressel v Ameribank,* 468 Mich 557, 561; 664 NW2d 151 (2003). Summary disposition is proper under MCR 2.116(C)(10) if the documentary evidence submitted by the parties, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Veenstra v Washtenaw Country Club,* 466 Mich 155, 164; 645 NW2d 643 (2002).

In a medical malpractice case, the plaintiff must establish: (1) the standard of care, (2) breach of that standard of care, (3) injury, and (4) proximate causation between the alleged breach and the injury. *Woodard v Custer,* 473 Mich 1, 6; 702 NW2d 522 (2005). Expert testimony is essential to establish a causal link between the alleged negligence and the alleged injury. *Dykes v William Beaumont Hosp,* 246 Mich App 471, 478; 633 NW2d 440 (2001); *Thomas v McPherson Community Health Ctr,* 155 Mich App 700, 705; 400 NW2d 629 (1996). "[T]o recover for the loss of an opportunity to survive or an opportunity to achieve a better result, a plaintiff must show that had the defendant not been negligent, there was a greater than fifty percent chance of survival or of a better result." *Dykes, supra* at 477.

Even if all the alleged breaches are accepted as true, plaintiff has failed to present any expert testimony to establish a genuine issue of fact with regard to whether the alleged breaches caused Mary's death. Dr. Guberni-koff testified broadly that "the cause of death is the complications related to her care following her perfo-rated esophagus." He identified the complications as

the stroke and "a prolonged Intensive Care Unit course." However, he also testified that he could not testify about the medical probability regarding (1) what the cause of Mary's stoke was or (2) that an earlier diagnosis of Mary's perforated esophagus would have altered her outcome. Thus, Gubernikoff's testimony does not establish a causal link between the alleged negligence and plaintiff's ultimate death. Plaintiff also relies on the death certificate and the affidavit of merit to establish causation. However, this evidence, without supporting expert testimony, is insufficient to establish a genuine issue of fact relating to whether the alleged negligence caused Mary's death. Therefore, the trial court did not err in granting defendants' motion for summary disposition.

Because resolution of this issue disposes of the entire case, we need not address plaintiff's remaining issues on appeal.

Affirmed.